# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES SOO BAHK DO MOO DUK KWAN FEDERATION, INC., | : <br> : <br> : <br> : |
| Plaintiff, | :    Civil Action No. <br> : |
| v. | : <br> : |
| INTERNATIONAL TANG SOO DO MOO DUK KWAN ASSOCIATION, ROBERT KOVALESKI, and ERIC KOVALESKI, | : <br> : <br> : <br> : |
| Defendants. | |

## COMPLAINT

Plaintiff, United States Soo Bahk Do Moo Duk Kwan Federation, Inc. (hereafter "Moo Duk Kwan Federation"), by and through its undersigned counsel, alleges and avers as follows:

## JURISDICTION AND VENUE

1. This is an action in which the Plaintiff is seeking pecuniary and injunctive relief from the acts of the Defendant arising under the trademark and

unfair competition laws of the United States, 15 U.S.C. § 1051 *et seq.*, and under the common law relating to trademark infringement and unfair competition. This is also an action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. This Court has jurisdiction under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332 and 1338. This Court also has pendent jurisdiction over the common law claims.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff Moo Duk Kwan Federation is a not for profit corporation of the State of New Jersey, having its principal place of business at 20 Millburn Avenue, Springfield, New Jersey 07081. Moo Duk Kwan Federation has member organizations throughout the United States.

4. On information and belief, Defendant International Tang Soo Do Moo Duk Kwan Association ("Int'l MDK") is a corporation of the State of Pennsylvania, having a principal place of business at 802 Main Street, Dickson City, Pennsylvania 10519, and is subject to both personal jurisdiction and venue in this Court.

2

5. Defendant Robert Kovaleski is a resident of this judicial district, is the founder of Defendant Int'l MDK, has a place of business at 802 Main Street, Dickson City, Pennsylvania 10519, and is subject to both personal jurisdiction and venue in this Court.

6. Defendant Eric Kovaleski is a resident of this judicial district, is the President of Defendant Int'l MDK, has a residence at 234 Fourth Street, Blakely, Pennsylvania 10519, and is subject to both personal jurisdiction and venue in this Court.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiff Moo Duk Kwan Federation's Incontestable Trademark Registrations

7. The rights of Plaintiff Moo Duk Kwan Federation in the mark MOO DUK KWAN and the fist and laurel leaves design date back to the original use of these marks by Kee Hwang in South Korea. Kee Hwang, a Korean national, opened his first martial art school in Seoul, Korea in 1945. He named his school "Moo Duk Kwan" and used that mark and a fist surrounded by laurel leaves design as trademarks for his schools for the teaching of his particular martial art.

3

8. Beginning in 1974 Kee Hwang spearheaded the formation of the United States Tang Soo Do Moo Duk Kwan Federation for the United States, and became its lifetime President.

9. United States Tang Soo Do Moo Duk Kwan Federation was incorporated in June 1976. It changed its name in 1996 to United States Soo Bahk Do Moo Duk Kwan Federation, Inc., the name of the present Plaintiff.

10. Plaintiff Moo Duk Kwan Federation is an organization for the practice, teaching and regulation of a martial art. Dating back to at least as early as 1976, Moo Duk Kwan Federation has used the trademarks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION (Registration No. 1,443,675); MOO DUK KWAN (Registration No. 3,023,145); and a Fist Design (Registration No. 1,446,944), to identify its organization and services among member organizations, and its customers, prospective customers and the public.

11. Plaintiff Moo Duk Kwan Federation is the owner of the following United States registrations for the listed marks and the listed services:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 1,443,675 | UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION | June 16, 1987 |
| 1,446,944 | [fist logo with laurel wreath] | July 7, 1987 |
| 3,023,145 | MOO DUK KWAN | December 6, 2005 |
| 3,119,287 | [fist logo with laurel wreath] | July 25, 2006 |
| 3,170,613 | UNITED STATES SOO BAHK DO MOO DUK KWAN FEDERATION | January 14, 2006 |
| 3,103,190 | SOO BAHK DO | June 13, 2006 |

Copies of the registrations are attached as Exhibit A to the Complaint.

12. The above-noted registrations are in full force and effect and have become incontestable under 15 U.S.C. § 1065, thereby granting Plaintiff Moo Duk

5

Kwan Federation the exclusive and incontestable right to use the registered marks in commerce.

B. **Plaintiff's Substantial Goodwill Under The Trademarks TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN And The Fist Design**

13. The marks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN and the Fist Design have been extensively used by Plaintiff Moo Duk Kwan Federation to identify its organization and services for the practice, teaching, regulation and instruction of a martial art since as early as 1976. During this time, Plaintiff Moo Duk Kwan Federation has extensively promoted its organization and its authorized services in connection with the marks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN and the Fist Design.

14. Plaintiff Moo Duk Kwan Federation has established a preeminent reputation for its martial arts organization engaged in the practice, regulation, and instruction of a particular martial art. This reputation has become linked to the marks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN and the Fist Design, such that member organizations, customers, prospective customers and the public have come to recognize that services in association with any of these marks originate from a single source.

6

15. As a result of Plaintiff's long use and promotion in conducting of membership services under the marks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN and the Fist Design, these marks have attained a considerable goodwill and recognition as identifying and being associated with Plaintiff Moo Duk Kwan Federation and its services.

C. **Defendants' Willful Infringement By Use Of The Marks MOO DUK KWAN And The Fist And Olive Branch Design**

16. Defendant Int'l MDK is an organization for the practice, teaching and regulation of a martial art. Upon information and belief, Defendant was founded after Plaintiff had established rights to the aforementioned trademarks.

17. Upon information and belief, Defendants Robert Kovaleski and Eric Kovaleski were the moving forces in the founding of Defendant Int'l MDK and have been aware of and have directed such association in an infringement of Plaintiff's trademarks.

18. Upon information and belief, with full knowledge of Plaintiff's long use and reputation associated with the marks MOO DUK KWAN and its logos and designs, Defendants Int'l MDK, Robert Kovaleski and Eric Kovaleski adopted the confusingly similar name International Tang Soo Do Moo Duk Kwan Association and a confusingly similar fist and olive branch design for its rival organization.

7

19. Attached as Exhibit B is a printout obtained October 8, 2010 from Defendants' website "www.tangsoodoworld.com," showing the infringing use of the MOO DUK KWAN mark and the fist and olive branch logo and design.

20. Attached as Exhibit C is a copy of a mailing which was sent by Defendants on or about February 17, 2012 announcing a "Mega Martial Arts Weekend," scheduled for May 12, 2012 at Split Rock Resort & Golf Club, Lake Harmony, Pennsylvania, which event Defendants have advertised under the infringing MOO DUK KWAN mark and the infringing fist and olive branches logo design. This event shows Defendants' intention of continuing and greatly increasing the use of its infringing trademarks.

21. Defendants' name International Tang Soo Do Moo Duk Kwan Association is a colorable variation of Plaintiff's registered mark UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION and Plaintiff's registered mark MOO DUK KWAN, and was selected by Defendants with the intent of causing confusion and trading on Plaintiff's established reputation.

22. Despite a full awareness of the extensive use of Fist Designs by Plaintiff Moo Duk Kwan Federation, Defendants have adopted a confusingly similar fist and olive branch design in an attempt to cause confusion among

8

members, customers, prospective customers, and the public, that Defendant Int'l MDK is associated with, affiliated with or approved by Plaintiff.

23. On October 29, 2010, after Defendants' infringement of Plaintiff's trademarks came to Plaintiff's attention, Plaintiff's attorneys wrote to Defendant, pointing out the infringement and demanding that Defendant cease all such infringement. Despite Plaintiff's efforts to resolve this matter without litigation, Defendants have refused to make needed changes and have persisted in and even increased their use of the infringing trademarks.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF 15 U.S.C. § 1114 AND § 1116-
## FEDERAL TRADEMARK INFRINGEMENT

24. Plaintiff Moo Duk Kwan Federation repeats and realleges the allegations set forth in paragraphs 1 through 23 above, as if set forth here in full.

25. Upon information and belief, Defendants have promoted their organization and the services of their organization in association with the name International Tang Soo Do Moo Duk Kwan Association and the fist and olive branch design logo, which are confusingly similar to, colorable imitations of, and counterfeits of Plaintiff's registered trademarks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN, and the Fist Design.

9

26. Upon information and belief, Defendants' use of such confusingly similar marks has and will continue to damage Plaintiff's business, goodwill, reputation, and established association by members, customers, prospective customers and the public as the legitimate and sole source of services and membership for the practice of a particular martial art.

27. Upon information and belief, Defendants adopted and began to use the name International Tang Soo Do Moo Duk Kwan Federation and a fist and olive branch design mark with knowledge of Plaintiff's rightful ownership of the marks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN, and the Fist Design and with an intention to cause deception and confusion.

28. Defendants' infringing use of Plaintiff's marks has caused and is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' organization and services.

29. Defendants' infringing use of its marks has deceived, and is likely to continue to deceive members, customers, prospective customers and the public to believe that Defendants' services originate with, are licensed by, are sponsored by, connected with, or otherwise legitimately related to Plaintiff Moo Duk Kwan Federation.

30. Defendants' infringing use of its marks constitutes infringement of Plaintiff's registered trademarks, and is likely to cause confusion and mistake in the minds of the purchasing public, in violation of 15 U.S.C. § 1114(1).

31. Upon information and belief, the Defendants' activities complained of constitute willful and intentional infringement of Plaintiff's federal registrations in total disregard of Plaintiff's rights.

32. Upon information and belief, Defendants' conduct has caused, and if not restrained will continue to cause, irreparable harm and injury to Plaintiff Moo Duk Kwan Federation which cannot be compensated with money damages.

## SECOND CLAIM FOR RELIEF- COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Plaintiff Moo Duk Kwan Federation repeats and realleges the allegations set forth in paragraphs 1 through 32, as if set forth here in full.

34. Defendants' infringing use of the name International Tang Soo Do Moo Duk Kwan Association and the fist and olive branch design is likely to cause confusion and mistake in the minds of the participating public as to the source of Defendants' services and to cause the participating public to believe that

11

Defendants' services are authorized or sponsored by Plaintiff Moo Duk Kwan Federation, when they are not.

35. Defendants are improperly trading upon the reputation and goodwill of Plaintiff Moo Duk Kwan Federation, are passing off their services as services affiliated with Plaintiff Moo Duk Kwan Federation, and are being unjustly enriched by such infringing actions.

36. Upon information and belief, Defendants' activities in using infringing and counterfeit marks constitute willful and deliberate infringement of Plaintiff Moo Duk Kwan Federation's trademark rights at common law and acts of unfair competition.

37. Upon information and belief, the Defendants' conduct has caused, and if not enjoined, will continue to cause irreparable injury to Plaintiff Moo Duk Kwan Federation's trademark rights and its reputation and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moo Duk Kwan Federation requests the following relief:

1. A preliminary and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons in active concert, participation or combination with any of the foregoing from infringing the trademarks UNITED STATES TANG SOO DO MOO DUK KWAN FEDERATION, MOO DUK KWAN and the Fist Designs in any manner, including but not limited to using the name International Tang Soo Do Moo Duk Kwan Association, any other name including the words MOO DUK KWAN or MOO DO KWAN, or a fist and laurel branch design, or any reproduction, counterfeit, copy, or colorful imitation of Plaintiff's Fist Designs in connection with the advertising, display, marketing, sale, offering for sale, or any other use associated with Defendants organization and services;

2. An Order that Defendants change their corporate name to a name which does not include the words MOO DUK KWAN or any other variation of Plaintiff's mark MOO DUK KWAN and inform all members in writing that they

13

are no longer authorized to use either a name with the words MOO DUK KWAN or the fist and laurel branch design;

3. An Order that all materials, including labels, signs, prints, packages, wrappers, receptacles and advertisements, having, showing or employing any mark or design enjoined in paragraph 1 above shall be delivered up to Plaintiff and destroyed;

4. Recovery of compensatory damages and an increase of such award under 15 U.S.C. § 1117;

5. An accounting of Defendants' profits realized in connection with its infringement, and an award in such amount to Plaintiff;

6. An award to Plaintiff of exemplary damages;

7. An award to Plaintiff of its reasonable attorneys' fees and costs of the action; and

8. Such other and further relief as the Court may deem just and necessary.

Respectfully submitted,

Dated: April 10, 2012

s/ John B. Dempsey
Daniel T. Brier
PA I.D. #53248
dbrier@mbklaw.com
John B. Dempsey
PA I.D. #88017
jdempsey@mbklaw.com

Attorneys for Plaintiff, United States Soo Bahk Do Moo Duk Kwan Federation, Inc.

MYERS, BRIER & KELLY, L.L.P.
Suite 200, 425 Spruce Street
Scranton, PA 18503
(570) 342-6100

**OF COUNSEL:**
Charles P. Kennedy
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
litigation@ldlkm.com
(908) 654-5000