IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES SOO BAHK DO MOO DUK KWAN FEDERATION, INC., | : : : |
| Plaintiff, | : : : |
| v. | : 3:12-CV-00669 : (JUDGE MARIANI) |
| INTERNATIONAL TANG SOO DO MOO DUK KWAN ASSOCIATION, et al., | : : : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. Introduction

Presently before the Court is a Motion to Strike certain Exhibits which Defendants filed in Opposition to Plaintiff's Motion for Summary Judgment. (*See* Doc. 77.) For the reasons discussed below, the Court will deny the Motion.

### II. Background

On June 19, 2013, Plaintiff filed a Motion for Summary Judgment in the above-captioned action on Defendants' counterclaims. (*See* Doc. 43.) In response, Defendants submitted, among other things, a voluminous record of exhibits, encompassed in nineteen CM/ECF docket entries totaling over one thousand pages. (*See* Docs. 56-74.) Plaintiff then filed the instant Motion to Strike (Doc. 77), which argued that Defendants' Exhibits 59, 60, 61, 68, and 69 had not been produced in discovery and therefore must be stricken from the summary judgment record. (*See* Pl.'s Mem. of Law in Supp. of Mot. to Strike, Doc. 78, at 4-

5.) In its Reply Brief, Plaintiff voluntarily withdrew its Motion as it pertained to Exhibits 60 and 61. (Pl.'s Reply Mem. in Supp. of Mot. to Strike, Doc. 84, at 4.) Accordingly, this Opinion will only consider whether Exhibits 59, 68, and 69 should be stricken from the record. Exhibit 59 is a Facebook message from martial arts Master Daniel Segarra that attaches a document purporting to contain historical records from the National Folk Museum of Korea, most of which is in Korean. (*See* Doc. 69, Ex. 59.) Exhibit 68 is a statement by Segarra describing a book on the martial art Tang Soo Do that he authored entitled *The Untold History of Tang Soo Do*. (*See* Doc. 71, Ex. 68.) Exhibit 69 appears to be an unabridged electronic copy of Segarra's book, with the full title *The Secrets of the Warrior-Scholar: The Untold History of Tang Soo Do V 1.2*. (*See id.*, Ex. 69.)

### III. Standard of Review

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires that

> a party must, without awaiting a discovery request, provide to the other parties: . . . .
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed R. Civ. P. 26(a)(1)(A)(ii). Moreover,

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made

2

> known to the other parties during the discovery process or in writing . . . .

*Id.* at 26(e)(1)(A). The Rules further provide:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*Id.* at 37(c)(1).

## IV. Analysis

### a. Exhibit 59

Defendants argue that they already provided Exhibit 59 during the discovery period, noting disclosure of a document entitled "Email from Master Dan Segarra re: 'Moo Duk Kwan' phrase." (*See* Defs.' Mem. of Law in Opp. to Pl.'s Mot. to Strike, Doc. 83, at 2-3.) Plaintiff disagrees and asserts that the email document that Defendant claims to have disclosed actually refers to a different email from Daniel Segarra. (*See* Doc. 84 at 3-4; *see also id.*, Ex. E (the Segarra email which Plaintiff claims was actually produced).)

This dispute over what was produced in discovery is a factual dispute that the Court cannot resolve on the strength of the written submissions before it. However, it is nonetheless unnecessary for the Court to resolve the dispute for purposes of ruling on Plaintiff's Motion because the Court finds that, even if Defendant did not disclose Exhibit 59 before the close of discovery, such failure was "harmless" under Rule 37.

First, the Exhibit appears to be a Microsoft Word Document with content copied and pasted from somewhere else. The substantive content purportedly comes from records kept at the National Folk Museum of Korea, but the Court has no way of knowing, from the face of the document, whether the Exhibit as submitted is a true and accurate copy of the records kept at that Museum. Indeed, the Exhibit only provides information from pages 46, 147, 148, and 173 of those records. Even if this Word Document could be known to accurately reproduce the information contained on those pages, the Court has no way of knowing whether the information contained therein is supported or contradicted by the omitted pages of museum records, or whether those omitted pages would put the information presently before the Court in a different light.

Second, even if the Court were to put aside the considerations just mentioned, nearly all of Exhibit 59 is written in Korean with occasional Chinese and Japanese translations. Therefore, most of Exhibit 59 is incomprehensible to the Court and need not be considered. *Cf. Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000) ("Because the deposition excerpt [submitted in opposition to summary judgment] is in Spanish, and [the submitting party] did not provide an English translation, we decline to consider it as part of the record on summary judgment."). The few parts of the document which are in English are not even clearly part of the original document, but may have been added by Segarra or another third party. Thus, the English passages begin by providing the following uncited and conclusory statement of Korean history: "During the Japanese

occupation there were multiple Japanese martial arts schools called Moo Duk Kwan/Ken from 1923-1942 they ranged from Kendo, Judo to Karate Do. This is recorded in 'A collection of historical records on Korean martial arts' by The National Folk Museum of Korea. Available online." (Doc. 69, Ex. 59, at 2 (punctuation produced verbatim) (Korean characters omitted).) It then proceeds to list the Korean, Chinese, and Japanese characters for the phrase "Moo Duk Kwan" and for each word therein, and concludes with the threadbare and unsupported statements that "The earliest use in Korea [of something unspecified] is 1923 by the Japanese whom [sic] occupied Korea until 1945" and "The quote [i.e., presumably, from the untranslated Korean passages discussed above] lists various martial arts schools and tournaments." Id.

Clearly, a Word Document of unknown authorship and authenticity which selectively cites portions of records of likewise unknown authenticity in a foreign language unfamiliar to the Court is of very little probative value at the summary judgment stage. Accordingly, even if Defendant did not properly disclose this document during discovery, that failure could not have caused prejudice to the Plaintiff and may therefore be considered harmless under Rule 37.

Accordingly, the Court will not strike Exhibit 59.

### b. Exhibits 68 and 69

Defendants admit that Exhibits 68 and 69 were not produced during the discovery period, but only came into the Defendants knowledge as Defendants prepared their

opposition to summary judgment. (See Doc. 83 at 4.) Nonetheless, Defendants argue that Exhibits 68 and 69 should not be stricken because (1) they were written by Daniel Segarra, who is a former Board Member of the Plaintiff organization, (2) Exhibit 69 is a publication available to the general public, (3) Segarra is a fact witness in this case anyway who was disclosed before the close of discovery, and (4) Plaintiff likewise disclosed documents outside the discovery period. (Id.)

Again, the Court will not strike Exhibits 68 and 69 because the failure to include them was substantially justified and harmless. Defendants testify to not having known of these Exhibits until after discovery ended and their responses to summary judgment were due, and there is no reason to question this representation, or to believe that Defendants were unjustified in learning about the Exhibits at the time that they did. And, though Defendant has a continuing obligation to supplement discovery, it is not at all clear that a supplementation would have been received by Plaintiff any earlier than the Exhibits submitted as part of the summary judgment record. Because a supplementation properly conducted would have arrived at the approximately same time that the Exhibits were actually submitted, the Court cannot conclude that Plaintiff was prejudiced by the timing of the submission.

Nor may Plaintiff be said to be unfairly prejudiced by the Exhibits' content. The Exhibits constitute the opinion of one person, who is not an expert witness in this case, and whose publications are not offered as learned treatises or other works whose conclusions

are commonly treated as authoritative. Indeed, Exhibit 68 itself states that the contents of the book submitted as Exhibit 69 may be controversial. (*See* Doc. 71, Ex. 68, at 1.)

Accordingly, the Exhibits will remain part of the record but will be taken with the amount of probative value that, as the opinions of one private author, their content merits.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Exhibits in Opposition to Summary Judgment (Doc. 77) is **DENIED**. A separate Order follows.

_____
Robert D. Mariani
United States District Judge